**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SARAH WEST, # 48731-177,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | **CIVIL NO. 3:16-CV-2540-B-BK** | |
| § | **(CRIMINAL NO. 3:14-CR-367-B-8)** | |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States Magistrate Judge for judicial screening. Petitioner, a federal prisoner who is proceeding without the assistance of counsel, filed a *Motion Pursuant to 28 U.S.C. § 2255 to Vacate Set Aside Sentence in light of Retroactive Effect of the Clarifying Amendment 794*. Doc. 2. In essence, Petitioner seeks a reduction of her term of imprisonment, pursuant to a Guidelines Offense Level reduction for having a minor role in the criminal activity. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily dismissed. [1]

**I. BACKGROUND**

On January 16, 2015, Petitioner pled guilty to possession of a controlled substance with intent to distribute and, on August 20, 2015, she was sentenced to 115 months' and 5 days' imprisonment and a three-year term of supervised release. Crim. Doc. 459; Crim. Doc. 1130. She did not file a direct appeal. In the sole ground alleged in this timely section 2255 motion,

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Petitioner requests a mitigating role adjustment under United States Sentencing Guidelines section 3B1.2, as clarified by U.S.S.G. Amendment 794.[2]  *See* Doc. 2 at 1, 4-5.  She asks the Court to reduce her sentence because of her "minimal participation."  Doc. 2 at 4.  In support of her motion, Petitioner cites *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), which held that Amendment 794 was a "clarifying amendment" and therefore applied retroactively on direct appeal.  *Quintero-Leyva*, 823 F.3d at 522-23.  Doc. 2 at 1.  That holding is inapposite here, however, since Petitioner seeks collateral, rather than direct review.  In any event, Petitioner's objection to the calculation of the sentencing guidelines is not cognizable in a section 2255 action.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted.  *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231‑32 (5th Cir. 1991) (*en banc*)).  "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed.  Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions."  *United States v. Williamson*, 183 F.3d 458, 462

---

[2] Amendment 794 became effective on November 1, 2015.  It did not alter the language of USSG §3B1.2, but merely clarified that, when determining a defendant's role in criminal activity for purposes of § 3B1.2, the court should compare the defendant's role to other participants in the criminal activity at issue, not to persons participating in other similar crimes.  USSG §3B1.2, comment n.3(A).

(5th Cir. 1999) (internal citation omitted); (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994).[3]

### III. RECOMMENDATION

Because Petitioner's challenge to the application of the Sentencing Guidelines is not cognizable in a section 2255 motion, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED** October 20, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3]The record reflects Petitioner did not object to the conclusion in the presentence investigation report (PSR) that no adjustment for role in the offense was warranted, or to the Court's adoption of that conclusion.  Crim. Doc. 657-2 at 1 (PSR ¶ 51); Crim. Doc. 1131 at 1 (Statement of Reasons).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4